ALBANY,
Oct. 1827.

Utica Ins. Co.
v.
Kip.

*THE UTICA INSURANCE COMPANY *against* KIP.

*Though a note discounted as security for money lent by the members of an association contrary to the restraining act (2 R. L. 234,) be void; yet the contract of loan remains good; on which an action lies by the lenders to recover it of the borrower.*

*The Utica Insurance Company, incorporated by the statute (sess. 39, ch. 52, p. 47,) may lend money on personal security.*

*The restraining act, (2 R L. 234,) avoids merely the security; not the contract of loan.*

*Where money is advanced upon a contract which is malum prohibitum merely, it seems that it may be recovered back by an action proceeding upon a disaffirmance of the contract.*

ON demurrer to the defendant's plea. The second count of the declaration was for $10,000, money lent. The second plea to this count, was, except as to the sum of $2,965, parcel of the $10,000, *non assumpsit*. And as to the $2,965 that the plaintiffs, before the lending, unauthorized by law, and contrary to the statute in such case made and provided, did subscribe to, and become members of an association, institution or company, and became proprietors of a bank or fund, for the purpose of issuing notes and receiving deposits, making discounts and transacting all other business which incorporated banks might and did transact, by virtue of their respective acts of incorporation; and that in pursuance of such unauthorized, illegal and corrupt intent, the plaintiffs afterwards established an office or banking house, and issued notes, received deposits, made discounts, and transacted other business, which incorporated banks might or could lawfully do or transact, by virtue of their respective acts of incorporation; and continued so to do, until, &c., and for several years next thereafter; and that on, &c., a certain pormissory note was made and drawn by the defendant for $3,000, payable to the order of one William Kirkpatrick, at the office of the plaintiffs, on, &c., and on, &c., the note was indorsed by Kirkpatrick, and the note was so made and indorsed for the benefit of the maker, with intent to have it discounted by the plaintiffs, for his benefit, at their office, or banking house so illegally established; that afterwards the defendant presented the note, so indorsed, to the plaintiffs, who accepted and discounted it for the benefit of the defendant; and thereupon lent and advanced to him the $2,965, as the consideration or avails of the note, whereby the loan was void, &c.

Special demurrer to that part of the plea relating to the $2,965, and joinder. It is not necessary to mention the *causes specially assigned, because the decision of the court went on the substance of the plea.

[*21]

*J. J. Hinman*, in support of the demurrer. The plain- ·ALBANY, tiffs are authorized by their act of incorporation, to loan <sub>Oct. 1827.</sub> moneys. (Act of Incorporation, Laws, sess. 39, ch. 52. Utica Ins. Co March 29, 1816, p. 47.) The act of loaning was, therefore, v. Kip. lawful in itself. The only consequence of its being lent contrary to the restraining act, (2 R. L. 234, 5, sess. 36, ch. 71,) is to avoid the security. The act does not, in terms, go beyond this; and the security being void, the lender may go back to his loan. (*Utica Ins. Co.* v. *Scott*, 19 John. 1.)

*J. Platt*, contra, denied that there is any distinction between the security and contract of lending, as was intimated by the court in the case cited. The *dictum* was extrajudicial; and, with great respect, it is not law. The maxim for this case is, *ex turpi causa non oritur actio*. The act of discounting the note as bankers, was unlawful; and there needed no statute provision to make both contract and security void. The rule is founded in public policy. The cases relied on by the court, to support the *dictum* cited, are inapplicable. They arose upon the statute of gaming, which did not forbid lending money to game with; though it avoided the security for it. The lending of money as bankers is expressly forbidden by the restraining act. Where the act is illegal, though merely *malum prohibitum*, it can give no right of action whatever to the offending party. (3 B. & P. 371. Doug. 468. 3 B. & P. 34. 14 John. 159. 12 John. 1. 3 T. R. 266. 1 East, 94.)

*Talcott*, (attorney general,) in reply. The restraining act forbids an unauthorized person becoming the member of an association, for the purpose of issuing notes, discounting, &c. The offence is complete without discounting or doing any act of banking. The loaning or discounting itself is untouched. Such an act still remains lawful. The act of associating for the purpose is the act forbidden; *by [*22] which the offence is complete; and which will subject to an action for the penalty, without the purpose being carried into effect. The act of discounting is mere proof of

the purpose. The discounting of notes for banking purposes is not punishable as a thing of public concern, prohibited by statute.

The statute of incorporation authorizes the company to make loans on personal responsibility; and if discounting be within the act, still the illegal contract was not the loan; but the agreement to secure it by a note discounted. Avoiding the latter, would not necessarily affect the former; and the policy of the statute is satisfied by avoiding the security alone. Bringing an action for the money lent, is in disaffirmance of the illegal contract. This course is fully warranted by authority. (2 Com. on Contr. 109. 1 H. Bl. 67. 4 T. R. 561. 4 John. Ch. Rep. 332.)

It will be seen, by the opinion of the court, that other grounds were discussed by the counsel; but they were not passed upon by the court.

*Curia, per* WOODWORTH, J. The plaintiffs contend, 1. That the restraining act does not extend to any incorporated company; 2. If it does so extend, on the ground that a body corporate is in law a person, it does not affect the incorporated company as such, unless it has, as such, become a subscriber; 3. That the restraining act does not reach incorporations in general; and especially it does not extend to the Utica Insurance Company, because the provisions of their charter are sufficient to take them out of that act; 4. That if the preceding propositions cannot be maintained, the plaintiffs are, nevertheless, entitled to judgment; because the restraining act avoids the security only, but leaves the contract of loan, upon the advancement of the money, untouched and capable of enforcement as a valid contract.

The plaintiffs' counsel, in support of the three first points, in the course of a very lucid and able examination of them, attempted to prove that the case of *The People* v. *The Utica Insurance Company*, (15 John. 334.) is *founded in error; and ought not to be recognized as a correct exposition of the law, in relation to the powers and authority of the plaintiffs under their act of incorporation. I

[*23]

have no hesitation in saying, that if the question were now *res integra*, my conclusion would be in opposition to that case. When the point is necessarily brought in review, it will be re-considered. Until then, it is more fit to waive further remarks. This cause may be decided on a different ground; as will, I think, be obvious on a brief examination of the fourth head of inquiry; whether the contract of loan, as distinguished from the security taken, is valid.

It is conceded in the opinion of chief justice Thompson, (15 John. 334,) that the surplus funds of the plaintiffs may be loaned at interest. The act of incorporation allows the investment of their funds, which the business of insurance may not actually employ. Whether the loan is secured by a bond or a note, would seem to be a circumstance resting in their discretion.

But admitting, that taking a note by way of discount, was an illegal exercise of the right to loan; and further, that it is prohibited by the restraining act, and the security declared void; still the contract of lending, which, *per se*, affords a good cause of action for money lent and advanced, and is distinct from that founded in the note, does not appear to be within the purview of that act. The check against the continuance of banking operations, would, I apprehend, be complete, the moment an association had ascertained that no security could be taken, and their only remedy would be against the individual to whom the money was lent. It was unnecessary for the act to go farther than to avoid the note of security taken; thereby depriving the association of the means of effectual operation. True, it was competent for the legislature to have avoided the contract also. But they have not done so. The evil was amply guarded against without going to that extent. Had the act contained such a provision, it might have well been complained of as severe and arbitrary. We will suppose, for the sake of argument, that the Utica Insurance *Company were possessed of a fund for the purpose of contravening the act; surely the legislature had no means to prevent the use of that fund in a lawful manner. The mere act of loaning money belonging to a party, which

[*24]

then was, and still is a lawful act, cannot be affected by the fact that the fund was raised for an unlawful purpose. This consideration goes to show, that the legislature would not, (for it was unnecessary,) and I think have not, by the statute, made any provision to affect the contract of loan

The company have authority to make loans; the note, in this case, was a security for the loan; the restraining act, at most, only avoids the note; and therefore leaves a good consideration for the money lent. ·

This suit cannot be said to arise out of an illegal transaction, which defeats a recovery. The illegal contract, if any, was not the loan, for the plaintiffs had a right to loan the money to the defendant; but it was the agreement to secure the loan by a note discounted. Avoiding what was illegal, does not avoid what was lawful. The action for money lent, is rather a disaffirmance of the illegal contract. The plaintiffs claim nothing under it. In 2 Com. on Contr. 109, this distinction is taken: " Where the action is in affirmance of an illegal contract, the object of which is to enforce the performance of an engagement prohibited by law, such an action can in no case be maintained; but where the action proceeds in disaffirmance of such a contract, and instead of endeavoring to enforce it, presumes it to be void, and seeks to prevent the defendant from retaining the benefit which he derived from an unlawful act, there it is consonant to the spirit and policy of the law, that the plaintiff should recover."

In the case of *Munt* v. *Stokes*, (4 T. R. 561,) the reasoning of Lord Kenyon goes to show, that where the original contract was not *malum in se*, but *malum prohibitum*, although the security was void by the statute, an action might be maintained to recover the money back; and justice Buller observed, that in the case of illegal contracts, if one party comes to rescind the contract, he may recover back so much as has been paid. In *Parker* v. *Rochester*, (4 John. Ch. Rep. 332,) chancellor Kent, in speaking of notes discounted by this company, says, " there can be no doubt that the makers and indorsers are holden in equity

[*25]

and good conscience to pay them ; for they were given for
a fair and valuable consideration."

The case of *The Utica Insurance Company* v. *Scott*, (19
John. 1,) was an action on a note discounted by the plain-
tiffs. The question as to the legality of the contract of
loan, was not the point before the court; for there was no
count on the loan. The court, however, considered the
question ; and recognized the distinction between the secu-
rity, and the contract of lending. They say, " the lending
money is not declared to be void; and, therefore, wher-
ever money has been lent, it may be recovered, although
the security itself be void."

Here the plea states, that the money loaned was the con-
sideration for the note, which the plaintiffs discounted for
the benefit of the defendant. I think the plea bad in sub-
stance. The plaintiffs are entitled to judgment on the de-
murrer, with leave to the defendant to amend.

Judgment for the plaintiffs.