By the Court,

Nelsou, C. J.
There is no ground for disturbing the report in this case, unless the testimony of Mr. Leggett was improperly set aside. He had been examined in chief for the defendant, and then, on suggestion of the referees, and for their accommodation, an adjournment was agreed upon for some four weeks, within which time the witness died. It is admitted by the counsel his testimony was entirely laid out of view on the final disposition of the case, for the reason that the plaintiff had [ *652 ] no opportunity of ‘cross-examination, though the fact does not appear very distinctly in the report of the evidence.
The common law rule on this subject, was stated by Lord Ellenborougb, *497 in Cazenove et al. v. Vaughn, 1 Maule Selw. 4. that no evidence shall be admitted, but what is or might be, under the examination of both parties", that it was agreeable to common sense, that what was imperfect, and but half an examination, should not be used in the same way as if it was complete. But that if the adverse party has had liberty to cross-examine, and has not exercised it, the case is then the same, in effect, as if he had cross-examined, otherwise the admissibility of the evidence would be made to depend upon his pleasure whether he will cross-examine or not. See also 1 Starkie’s Ev. 272; 1 Phillips, 366 ; McClel. & Young, 160; Gilb. 63.
There are some cases in chancery, that would seem to conflict with this general principle of evidence; but they depend upon their own peculiar circumstances, and are admitted not to be binding upon the common law courts. Gilb. 26 ; Bull. N. P. 240 ; 1 Vern. 331; 12 Vin. 107. a. b. 31.
Lord Redesdale allowed a deposition to stand in O’ Callaghan v. Murphy, 2 Sch. & Lef. 158, where the cross examination was postponed and prevented in consequence of the illness and subsequent death of the witness; but it appeared there that the cross-interrogatories did not go to any point to which the witness had been examined in chief, nor to his credit; and the matters were capable of proof by other witnesses. It is true his lordship seemed to be of the opinion, that if a witness dropped suddenly dead, at nisi prius, after his direct and before his cross-examination, the party would not lose the benefit of the evidence : but in this he was mistaken, as settled by the subsequent decision in Cazenove v. Vaughn.
The counsel for the defendant sought to avoid the application of the rule to this case on the ground that the plaintiff bad himself waived the cross-examination, by consenting to the adjournment. This, I think, would be a most harsh and unreasonable inference. If he had sought the adjournment without the precaution of a cross-examination, there might have *been some propriety in charging him with the consequences; but [ *653 ] for aught that appears, be was prepared and ready to go on with the trial, and yielded only at the request and for the accommodation of the referees. The case stands as favorably for him, under the circumstances, as if they had adjourned of their own accord, without the assent of the parties.
The defendant, from kind feelings towards a distinguished friend, has, undoubtedly, been led into an improvident, if not extravagant expenditure of money, and it may be that both have been the victims of imposition ; but the whole business seems to have been planned and conducted without much attention to system or accountability. The contract was quite loose and indefinite, and the supervision little or nothing. Under these circumstances, both the terms of the contract, and the extent and value of the work and materials, must depend very much upon the discretion and judgment of the *498 referees. There is nothing in the case fixed and definite, so as to enable the court to apply the stern rules of law, and thus test the soundness or justice of the conclusion of the referees.
Motion to set aside report of referees denied.