## Case No. 12,039.

### ROOT v. WALLACE.

[4 McLean, 8.] [1]

Circuit Court, D. Michigan. June Term, 1845.

Notes—Banks—Charter—Issue in Violation of Law—Notice—Recovery—Consideration.

1. A note issued by a bank, in violation of its charter, is void.

[Cited in Bissell v. Michigan S. & N. I. R. Co., 22 N. Y. 304.]

2. It is also void if issued in contravention of a general law in force at the time the charter was adopted, and such note is void in the hands of a bona fide holder.

3. All who receive notes of a bank are bound to take notice of the powers of the bank, as granted in its charter.

4. A void note being indorsed, can not be given in evidence, to support an action by the indorsee against the indorser.

5. The contents of such note can not be admitted, in support of an action brought on the note.

6. The indorsee may recover against the indorser by showing the consideration paid for the note.

Mr. Taylor, for plaintiff.
Mr. Romeyn, for defendant.

OPINION OF THE COURT. This action was brought on notes alleged to be void. The plaintiff was an assignee. A non-suit having been entered on the trial, a motion is now made to set aside the non-suit. By the safety act of Michigan of 1836 [Laws Mich. 1835–36, p. 157] it is provided that no monied corporation subject to it, "shall issue any bill or note of the said corporation, unless the same be made payable on demand and without interest." The notes in question were issued by the Bank of Saline, in contravention of this provision. On the part of the plaintiff it is contended, that whether the notes are void or not, can not be inquired into in a suit against the indorsers; that the indorsement is conclusive evidence of the making and legality of the notes. That the contract of indorsement on which the plaintiff seeks to recover, is a new and distinct contract, equivalent to the drawing of drafts by the indorser on the maker of the notes in favor of the holder, and by which the indorser

---

1 [Reported by Hon. John McLean, Circuit Justice.]

promises to pay the money mentioned in the notes, if the maker fails and the indorser is notified. 1 Bailey (S. C.) 149; 1 Hall, 70; Doug. 514–517; 6 Cow. 484; 15 Johns. 241; 16 Johns. 201; Chit. Bills, 265, 266; Weston v. City Council of Charleston, 3 Pet. [28 U. S.] 474. In Wiggin v. Bush, 12 Johns. 310, it was held, that notes void ab initio, are equally so in the hands of a bona fide holder. But the holder in this instance had notice. The safety fund act was a public law, and all who deal in the paper of the bank, are bound to take notice of its provisions. If a corporation exceeds its powers, its acts are void. They are not made good by an alleged want of notice of a defect of power. It is also argued, that if the note be void, as a security, the original loan is not destroyed, and that the notes may be given in evidence, under the common counts. That, at least the contract of indorsement is evidence, it being equivalent to a draft. That if the notes be void on the ground of illegality, usury or forgery, yet the indorsee may recover of the indorser. The question is not whether the indorsee may not recover from the indorser the consideration paid, but whether the indorsements on the notes are evidence of the consideration. An indorser is estopped from setting up an illegality not apparent on the face of the note against a bona fide holder, without notice. By his indorsement he guarantees that the note is what it purports to be. In this case the defendant cannot deny that the notes were in fact executed by the officers of the bank, and that they are post notes of the Bank of Saline. But the illegality of the notes is apparent upon their face. The rule that an indorser can not show the illegality of the paper does not apply to an indorser with notice. 3 Kent, Comm. 80; Chit. Bills, 92, 112; 6 Term R. 61. If the illegality of the notes be established, the indorsee can not recover from the indorser, until he show he took the note for value. Heath v. Sansom, 2 Barn. & Adol. 291; 2 Starkie, 307; Moody & M. 240; 2 Camp. 574. He must not only show that he paid value for the notes, but it must·appear that he had no notice of the fraud. 6 Wend. 621; 9 Wend. 172. In the case of Utica Ins. Co. v. Scott, 19 Johns. 6, the court say that a note taken for money lent by the company was void, yet that the money loaned might be recovered; but that the action could not be sustained on the note, as that was void. In Utica Ins. Co. v. Kip, 8 Cow. 20, the second count of the declaration was for money lent. The plea admitted the loan by the plaintiffs to the defendants; and the court held that the plaintiff could recover on the admission, but not on the note. The note being void, its contents can not be received in evidence to support an action upon it. A case involving the same principle (Root v. Godard [Case No. 12,037]), was decided by this court. The motion to set aside the non-suit is overruled.