## Case No. 7,237.

In re JAYCOX et al.

[12 Blatchf. 209; 1 13 N. B. R. 122.]

Circuit Court, N. D. New York. June 16, 1874.

---

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

Daniel Pratt, for appellants.
Frank Hiscock, for assignee in bankruptcy.
William C. Ruger, for creditors.

WOODRUFF, Circuit Judge. 1. It is impossible to discover, from the papers submitted herein, that the circuit court has any jurisdiction, or of what proceeding. It was stated by counsel, on the argument, and is assumed in the briefs, that an appeal has been taken to this court by the assignees of the People's Safe Deposit and Savings Institution of the State of New York, from an order of the district court disallowing their proof of debt against the estate of the bankrupts [Case No. 7,241]; and there are among the papers a statement of claim, and an answer thereto, intended to conform to the 24th section of the bankrupt law, relating to such appeals. On the trial which that 24th section provides for, the parties waived a jury, and gave in evidence a part only of the proceedings in the district court relating to such claim. Probably, the defects in the papers would be supplied, so far as the case is susceptible of supplement, and I will, therefore, deal with the case according to the information I have of its nature and condition.

2. But I cannot omit to observe, that this court has no original jurisdiction to receive and allow debts against the estate of a bankrupt. The claims of creditors must first be presented in the district court; and it is not proper to present one claim in the district court, and, under cover of an appeal to this court, transform the claim into a new and distinct cause of action. In other words, this court ought not, on appeal, to be called upon to decide questions, either of law or fact, that were not raised or involved in the decision of the district court. The same cause of action is to be pursued in this court, though it may happen that new or further proofs in support of that cause of action may here establish facts not proved below, and new questions of law may arise thereupon. The cause of action, however, must be the same; otherwise, this court would assume to allow or reject a debt which had been neither allowed nor rejected in the district court. To do this, I am of opinion this court has no jurisdiction.

3. The only order which I find among the papers submitted, and the only order which, so far as I have any information, the district court has made rejecting the claim of the assignees, (the appellants,) is an order which rejects certain promissory notes set forth as proof of debts due from the bankrupts to the People's Safe Deposit and Savings Institution. The ground of such rejection, appearing in the opinion of the court, is, that those notes are void and constitute no cause of action. But, the order expunging the proof of those notes, and rejecting that proof, is declared, in the order itself, to be without prejudice to any right of the creditors so claiming to make proof of a debt or claim for money loaned to said bankrupts, or had and received by them to the use of the said corporation or its assignees, or proof of any other debt or claim, other than upon the notes or security taken or received on the making of discounts in violation of the restraining acts, or other statutes, of the state of New York. Instead of acting upon the suggestion of the court thus given, and amending their claim and proof of debt, so that it should not depend upon the question of the validity of those notes, the alleged creditors have, it would seem from the papers, come into this court and here set out or stated, for the first time, a cause of action for money lent and advanced upon these notes, and for money lent and advanced generally to the bankrupts, and for money had and received by the bankrupts to the use of the claimants. They thus present here a cause or causes of action never presented to the district court, and seek to establish a debt which that court has not rejected. I think, therefore, that this court would perform its whole duty by considering the only question which was decided in the district court, namely, whether the promissory notes, which were alone stated as constituting the cause of action or debt presented below, were or were not void.

4. I have, however, no wish to avoid the examination of the whole case, or the expression of my opinion thereon, by suggesting embarrassments which counsel or parties may deem technical. Very able counsel have discussed the case in this court, assuming that both of the questions which arise out of the transactions between the bankrupts and the safe deposit and savings institution were properly before me. The fact that proofs of debt in the district court are not formal, and that promissory notes are themselves treated as evidence of money had and received by the promissor, gives some color to the claim that the district court might have received them as such proof, and ought not only to have passed upon their validity, but upon the evidence taken by the register that the said corporation did advance money to the bankrupts thereon, by discounting the notes. I, therefore, state my conclusions upon both questions, and, if counsel can make my decision useful in the case, as it has been conducted and is now urged, it will save time and expense.

5. I find, then, the facts to be as stated in the report of the register, and as recited in the opinion of the district judge. The principal

and important of them are, that the People's Safe Deposit and Savings Institution was incorporated by act of the legislature of the state of New York, passed May 14th, 1868, and its charter (2 Laws N. Y. 1868, p. 1839, c. 816), must, for any purposes for which my finding is material, be taken as part and parcel thereof; that such corporation opened offices for banking in Utica and Syracuse, and at such offices conducted a regular banking business, employing its capital and deposits therein; that it kept a large number of accounts, not only for deposit of savings, but merchants' accounts, for discounts and deposits, after the usual custom of banks of discount and deposit in this state; that, in such banking business, it, prior to its failure and assignment to the appellants, had discounted, in the ordinary course of business, promissory notes and other commercial paper, at the banking office in Syracuse, to the amount of more than six hundred thousand dollars; that it so discounted, from time to time, several hundred thousand dollars in all, for the firm of Jaycox & Green, (the bankrupts;) that, of such commercial paper, so discounted for Jaycox & Green, promissory notes to the amount of over thirty-five thousand dollars remain unpaid, and are held by the said corporation or the appellants, the receivers of such corporation, of which notes, the promissory notes made by Jaycox & Green, now in question, to the amount of $27,772.50, were presented and claimed as a debt against the bankrupts, in the district court; and that the proceeds of the discounts thereof were paid to Jaycox & Green by checks or drafts on New York, less a charge of one-half of one per cent., charged as exchange on New York.

Upon these facts, 1st, I concur fully in the opinion of the late lamented and learned district judge, that the said notes were wholly void, and, neither as contracts or securities, constituted any ground of claim or debt against the bankrupts. I do not deem it necessary to repeat the discussion embodied in that opinion. It may be taken as the opinion of this court upon the question. The charter of the corporation in no wise authorized the carrying on of that business. The constitution and the statutes of the state of New York forbade it. Heavy penalties were declared by statute against the corporation and its officers, for carrying it on. The acts by which the notes were received by the corporation were illegal; and the statutes, in express terms, declare such notes void. The decision of the district court was, upon this point, as I think, beyond all question, correct.

2d. The said corporation, thus violating the laws of the state, can no more allege an implied contract to pay the money mentioned in the notes, than it could set up and rely upon the express promise of Jaycox & Green to do so. To say that, when a statute declares that all notes and other securities for the payment of any money, made or given to secure the payment of any money loaned or discounted by any incorporated company, or its officers, contrary to the provisions of the statute, shall be void, the courts may, nevertheless, imply a contract to pay it, is practically to repeal the statute. Such a holding throws open the business of unauthorized banking to be fearlessly conducted and without danger of loss. Such a holding makes the stringent provisions of the constitution and statutes have this effect and no more—the mode of pleading in an action to recover the money is altered. Unauthorized corporations may discount notes without limit; but, if a note should be protested, they must sue for its amount as for so much money lent, or had and received, and will recover. Nearly all of the efficiency of the statutes, as a restraint, is eliminated by such a holding.

I shall not enter upon an examination of all the cases which have been referred to as bearing upon this subject. It is proper, however, to notice what are commonly spoken of as the Utica Ins. Co. Cases, 15 Johns. 358, 19 Johns. 1, 8 Cow. 20, 3 Wend. 296, Id. 369, and 4 Wend. 652. It was undoubtedly held, in reference to notes taken by that company, that, although the notes were void, the money advanced on discounting the same could be recovered, as money lent; and the court go so far even as to say that the void notes could be used as evidence of money lent, and so be made, as evidence, the effective means of a recovery of the amount thereof. As to these cases I have two observations to make:

First. They have long been the subject of criticism, and doubts of their correctness have been freely expressed, both at the bar and on the bench. In New Hope & Delaware Bridge Co. v. Poughkeepsie Silk Co., 25 Wend. 650, Mr. Justice Nelson, lately the venerable and distinguished justice of the supreme court of the United States assigned to this circuit, then in the supreme court of this state, says: "Whether the doctrine of these cases is well founded, and may be upheld upon established principles, or not, or whether the result was not materially influenced by the peculiar phraseology and powers of the charter of the Utica Insurance Company, in respect to which they arose, it is not necessary at present to examine. I am free to say, in either aspect I should have great difficulty in assenting to them." In Tracy v. Talmage, in the court of appeals of this state (14 N. Y. 162, 189), Mr. Justice Samuel L. Selden says: "These cases have never been overruled; and yet, I think I may say, they have generally been regarded with some suspicion as to their soundness. * * * There is undoubtedly great difficulty in reconciling these cases with the settled rules in regard to illegal contracts."

Second. Those cases are distinguished from the present; and in a particular which has

been referred to as constituting the possible ground upon which the decisions there made could be upheld, or, as I should better say, in the feature which was deemed to furnish the ground on which those cases proceeded, namely, that that company had a general power to lend money, and, therefore, though it received therefor a void security, it could reclaim the loan. Without assenting to the reasoning by which this result was reached, it is sufficient to say, that the premises are wanting in the present case. In Beach v. Fulton Bank, 3 Wend. 573, 583, contemporaneously with some of those decisions, Chief Justice Savage states their ground as above indicated, and declares, that, as the Hudson Insurance Company had no such power, those cases do not apply.

The charter of the People's Safe Deposit and Savings Institution declares in what that corporation may invest its funds. This is fully discussed and made clear in the opinion of the district judge. It has no power to loan money on personal security; and the very ground on which the court placed their decision in the Utica Insurance Company Cases, therefore, fails. In accordance with this view, the supreme court of this state, in Life & Fire Ins. Co. v. Mechanic Fire Ins. Co., 7 Wend. 31, where the action was assumpsit, and the plaintiff claimed to recover for money lent, held, that, as the plaintiff had no power, by its charter, to loan money except on bond and mortgage, any other contract of loan was void, and could not be the foundation of an action; and, in the case of Gillet v. Phillips, in the court of appeals (13 N. Y. 114, 119), the court say, of a contract in violation of our banking acts: "The contract was not only unauthorized, but illegel. No action could be sustained upon it, if executory, in his favor, nor to set it aside, if executed. Nor could it become the foundation of an implied assumpsit in behalf of the offending party." The cases of Brady v. Mayor, etc., of New York City, 2 Bosw. 173, 20 N. Y. 312, and Donovan v. Mayor, etc., of New York City, 33 N. Y. 291, by analogy, affirm the same doctrine. My conclusion is, that the appellants have established no debt against the bankrupts, and a judgment for the assignee must be entered.