WARREN and others *v.* MOODY and another, Assignees.

*(Circuit Court, M. D. Alabama.* December, 1881.)

1. EQUITY—APPEAL—AMENDMENT OF SUBSTANCE.
   On appeal in equity from the district court of the United States, the circuit court can permit an amendment of substance.

2. SAME—SAME—SAME—PRACTICE.
   In the circuit court, there is no settled practice to allow such amendments in appeal cases in bankruptcy.

3. SAME—SAME.
   It seems, that in admiralty and revenue cases brought to that court on appeal the practice is well settled to allow amendments of this nature

In Bankruptcy. On appeal.

*E. Bragg,* for complainants.

*C. Clopstock* for respondents.

PARDEE, C. J. This case is a cause in equity, originally brought in the district court to set aside a fraudulent conveyance of a bankrupt, and after final decree in that court has been appealed, under section 4980, Rev. St., to this court. It came up for hearing at last term, when an amendment of substance was allowed to the original bill, and the cause continued to allow the defendant to meet the amended bill by motion to strike out or answer or plead, as counsel might advise. The defendant moves to strike out the amendment, and this motion presents the question whether it is allowable on appeal in equity to permit amendments to pleadings.

In *Kennedy* v. *Georgia State Bank,* 8 How. 610, it is said:

"There is nothing in the nature of an appellate jurisdiction, proceeding according to the common law, which forbids the granting of amendments. And the thirty-second section of the judiciary act of 1789, (now Rev. St. § 954,) allowing amendments, is sufficiently comprehensive to embrace causes of appellate as well as original jurisdiction."

· And then the court cites *Anon.* 1 Gall. 22, in which case Justice Story, in a forcible argument, holds that amendments may be allowed in appellate courts.

This would seem to settle the question, but counsel claims that this power claimed in 8 How. and under section 954 goes only to amendments of form and not to amendments of substance. In *Jackson* v. *Ashton,* 10 Pet. 480, an amendment to aver citizenship, so as to give jurisdiction, was only refused because application came too late. In *Garland* v. *Davis,* 4 How. 155, the right to amend was recognized, but the case was remanded because of the practice of re-

manding cases to allow amendments as prevailing in the supreme court. In *Fletcher* v. *Peck*, 6 Cranch, 87, by consent the pleadings were amended by giving substance to a plea otherwise bad.

Numerous cases can be cited where cases have been remanded by the supreme court to allow amendment, none disputing the power or authority of the appellate court to allow the amendment, but alleging the practice against it. 8 How. 610, before cited.

So that the power of the appellate court to allow amendments may be taken as established, and it remains to be determined only whether there is any well-settled practice of this court against it, and requiring a remanding of the case to do substantial justice. This court is mainly an appellate court for admiralty and revenue cases, and it is only under the bankrupt law that it has any other appellate jurisdiction of any moment. In the two former classes of appeals the practice is well settled to allow the amendments. In the last class there is no practice settled that has been called to my attention. Section 636, Rev. St., would seem to give authority to the circuit court to try every appeal case *de novo*, as it may direct such judgment, decree, or order to be rendered, etc., as the justice of the case may require.

I think the amendment was properly allowed in this case, but it should have been on terms which, however, can be corrected in the decree. The motion to strike out is denied, whereupon the complainants are entitled to a decree *pro confesso*, which is granted—the appellants to pay the costs of the district court and the appellees the costs of this court.