BENJAMIN F. OTIS *vs.* STEPHEN ELLIS, appellant, and trustees.

78  75
87  480

Kennebec.   Opinion December 30, 1885.

*Practice. Abatement. Appeal. Waiver.*

Matter in abatement, whether by plea or motion, must be pleaded in a trial justice's court before a general continuance of the action.

Appealing from the decision of a matter in abatement before the general issue is pleaded, is a waiver of any defense under that issue.

ON EXCEPTIONS from superior court.

The opinion states the case and material facts.

*Geo. W. Field,* for the plaintiff, cited: *Shaw* v. *Usher,* 41 Maine, 102; *Fogg* v. *Fogg,* 31 Maine, 302; *Snell* v. *Snell,* 40 Maine, 307; *Shorey* v. *Hussey,* 32 Maine, 579; *Pattee* v. *Lowe,* 35 Maine, 121.

*G. T. Stevens,* for the defendant and trustee, contended that the trial justice before whom the writ was entered had no jurisdiction, and his judgment affirmed in the superior court is null and void. R. S., c. 86, § 5; *Mansur* v. *Coffin,* 54 Maine, 314; *Bigelow* v. *Stearns,* 19 Johnson, 39; *Penobscot R. R. Co.* v. *Weeks,* 52 Maine, 456; 2 Saunders, 101; 2 Bac. Abr. 227, 228; *Benner* v. *Welt,* 45 Maine, 483; *Richard* v. *Walton,* 12 Johns. 434; *Arnold* v. *Sandford,* 14 Johns. 417; *Scudder* v. *Davis,* 33 Maine, 576.

The trial justice before whom the writ was entered has no terms of court. The writ was entered one day and continued by consent, to another day, when the motion to dismiss was filed.

That motion was filed on the second day so far as this action was concerned, and thus came within the rules of this court and of the superior court. The magistrate had established no rules as to the time of filing motions or pleas in abatement.

In the case of *Elder* v. *Dwight M'f'g Co.* 4 Gray, 201, it was held that a motion to dismiss a case for want of jurisdiction in the magistrate before whom it was tried might be first made in the court of common pleas to which the case had been appealed.

PETERS, C. J. An action was commenced before a magistrate in Kennebec county, in which the names of two persons were inserted as trustees, one residing in Penobscot and the other in Kennebec county. No service was made on the trustee residing in Kennebec county. Upon the face of the papers the process was abatable. *Mansur* v. *Coffin*, 54 Maine, 314. An appearance was entered for the defense on the return day and the action continued a week. Upon the adjourned day a motion was made to dismiss the action for want of jurisdiction, upon the ground that a trustee action before a trial justice must be brought in a county in which some one of the trustees resides. The question is, whether the motion came too late. We think it would be the better doctrine to declare that it did.

The general rule is that nothing more than the general issue need be pleaded before justices' courts, title to land and matter, in abatement excepted. *Williams* v. *Root*, 14 Mass. 273 ; *Vickery* v. *Sherburne*, 20 Maine, 34 ; R. S., c. 83, § § 15, 20. (See Laws 1885, c. 255.)

Pleas and motions in abatement should be filed before a general imparlance, which is nothing else than a continuance of the cause till a further day. Bacon Abr. Pleas, C. This is not a rule of court but a rule of law, acted on generally by courts of common law jurisdiction, where there is no rule of court to the contrary. In most courts the time for such pleading is shortened. *Martin* v. *Commonwealth*, 1 Mass. 347 ; *Wyman* v. *Dorr*, 3 Maine, 183, 186.

We do not perceive any objection in applying the rule to justices' courts, and to hold that after a general continuance, (a special

imparlance could be granted), it is too late to interpose the plea. The plea is not a favored one. Neither trial justices nor those who practice before them are, in all instances, legal experts, and it is for the advantage of the court and its suitors that technical questions in abatement should be at the earliest moment made and disposed of. The object of the plea is to avoid further costs if the plea is good. If this rule is not applied, it will be difficult to find a better. The only other definite rule would be to allow a plea in abatement to be filed at any time before the general issue is pleaded. But that would cause unfairness often. A plaintiff should know what plea he is to meet before summoning his witnesses. It is to be admitted that the rule would work somewhat harshly in the present instance, but its effect in cases generally will be beneficial.

What light there is upon the question, afforded by the authorities, seems to favor this view. In *Stiles* v. *Homer*, 21 Conn. 510, it is said: "Although no time has been limited, either by statute, or by any rule of court, in which such pleas shall be presented, in cases before justices of the peace, and other inferior tribunals, yet it is obvious that they ought not to be received in any stage of the trial. The same reason there exists for requiring pleas to be presented at an early period, as exists in the higher courts. " In that case a motion in abatement was rejected as coming too late, although the general issue had not been pleaded. The Vermont court approves and practices upon the rule. *Montpelier* v. *Andrews*, 16 Vt. 604, note; *Wheelock* v. *Sears*, 19 Vt. 559 ; and New Hampshire seems to approve it. *Bedford* v. *Rice*, 58 N. H. 227.

The appellant contends that, if this motion is overruled, he should be allowed to put in a general defence for himself and the trustee. It is too late. The general issue should have been pleaded before the case came up. Taking an appeal without making any general defense, is a waiver of all questions except the one the decision of which is appealed from. *Waterville* v. *Howard*, 30 Maine, 103 ; *Elder* v. *Dwight Man. Co.* 4 Gray, 201, relied on by counsel as an authority the other way, is not

applicable. There the jurisdiction belonged, not in another county, as here, but to another court.

*Exceptions overruled.*

WALTON, DANFORTH, LIBBEY, EMERY and HASKELL, JJ., concurred.