87   477
s89  123

IN RE, BROCKWAY MANUFACTURING COMPANY.
EX PARTE, MITCHELL.

Androscoggin.    Opinion April 26, 1895.

*Insolvency.   Proof of Debt.   Re-examination.   Amendment.   Waiver.*
*R. S., c. 82, § 10; R. S., of U. S. § 954.*

Written objections to a proof of debt in the Court of Insolvency should be verified by oath as required by rule X of that court. This rule will be enforced if the deposing creditor chooses to insist upon his rights at the proper time; but the want of such verification will be held to have been waived by the deposing creditor when he proceeds to a hearing in the Insolvency Court, and no objection is offered to such defect until after hearing and an appeal has been taken and a new hearing begun in the Appellate Court.

A treasurer of an insolvent corporation filed a proof of debt against his insolvent debtor consisting of its promissory notes issued by the treasurer to himself, the consideration of which was alleged to be money paid by him for the use of the corporation, and also as surety for it on other notes. It did not appear that the treasurer had authority to issue the notes thus taken to himself and the proof of debt for this reason was rejected by the Court of Insolvency. An appeal having been taken from that decree to this Court sitting below, the deposing creditor moved for leave to amend and reform his proof of debt by substituting in place of the notes an account to the same amount for the moneys thus paid by him for the use of the insolvent corporation. *Held:* that this being a court of general jurisdiction and not restricted by any statute, it has the power as an Appellate Court to grant the amendment (R. S., c. 82, § 10); that if the notes annexed to the proof of debt were given without authority, they did not extinguish the original cause of action, and, therefore did not introduce a new cause of action, and is only such an amendment as is frequently allowed by this court in actions at common law and those entered on appeal.

*Jaycox v. Green,* 12 Blatch. 209, examined.

ON EXCEPTIONS.

This was an appeal from the decree of the judge of the court of insolvency, for the county of Androscoggin, allowing in part and disallowing in part a certain claim filed by the appellant, Mitchell, in his capacity as assignee of the estate of Isaac N. Haskell, an insolvent debtor, against the estate of the Brockway Manufacturing Company, an insolvent corporation. The appeal was heard in the court below, where it was dismissed, and the appellant took exceptions which are fully stated in the opinion.

*N. and J. A. Morrill, J. W. Mitchell,* with them, for appellant.

First exception: Counsel cited: *Tibbetts* v. *Trafton,* 80 Maine, 264; *Milliken* v. *Morey,* 85 Maine, 340, 342; *Custy* v. *Lowell,* 117 Mass. 78.

Second exception: *In re Montgomery,* 3 B. R. 424; *In re Myrick,* 3 B. R. 156; *Morey* v. *Milliken,* 86 Maine, 464; *Perrin* v. *Keene,* 19 Maine, 355; *Holmes* v. *Robinson Manufacturing Co.* 60 Maine, 201; *McVicker* v. *Beedy,* 31 Maine, 314; *Strang* v. *Hirst,* 61 Maine, 9; *McAuley* v. *Reynolds,* 64 Maine, 136; *Bolster* v. *China,* 67 Maine, 551; *Cram* v. *Sherburne,* 14 Maine, 48; *Penobscot Boom Corporation* v. *Lamson,* 16 Maine, 233; *Freeman* v. *Fogg,* 82 Maine, 408.

*A. R. Savage and H. W. Oakes,* for appellee.

First exception: The requirement of rule X is not one jurisdictional in its nature and might be waived. If such requirement can be waived at all, there can be neither reason nor justice in any other conclusion than that it was waived in the present case. Going to the hearing without objection; testimony being introduced for and against the objections; the judge allowed to make his decree without having the matter called to his attention for his determination; an appeal taken, and term after term of the appellate court allowed to elapse before the motion to dismiss is filed; must be conclusive evidence of a waiver on the part of the appellant, if such a waiver is possible.

Where jurisdiction and power to act exist, and the only objection to their exercise is one intended for the benefit and protection of the party complaining thereof, such objection must be taken at the earliest practical opportunity or it is waived. Thompson on Trials, § 1438; *Warren* v. *Glynn,* 37 N. H. 340; *Folsom* v. *Carl,* 5 Minn. 333; *Otis* v. *Ellis,* 78 Maine, 75; *Clapp* v. *Balch,* 3 Maine, 216. Amendment discretionary and not subject to exception. *Carter* v. *Thompson,* 15 Maine, 464; *Solon* v. *Perry,* 54 Maine, 493; *Place* v. *Brann,* 77 Maine, 342; *Cameron* v. *Tyler,* 71 Maine, 27.

Second exception: In a case coming from the court of insolv-

ency the appellate court must act upon the matter as it comes from the lower court, and has no power to amend the claim in the manner suggested. It is the lower court which controls the proceedings, and in which finally the proceedings are entered, and from which judgment issues. This court stands on a different basis from inferior courts for the trial of actions. We claim, then, that any amendments in process must originate in the lower court, and that the records of the lower court itself must in the first instance show such amendments. *Jaycox* v. *Green*, 13 N. B. R. 122.

The issue in the appellate court must be the same as in the court below. *Jaycox* v. *Green*, 13 N. B. R. 122 ; *Re Kellogg*, 104 N. Y. 648 ; *Re Hood*, 104 N. Y. 103 ; *Simmons* v. *Goodell*, 63 N. H. 458.

SITTING : PETERS, C. J., EMERY, FOSTER, WHITEHOUSE, WISWELL, STROUT, JJ.

PETERS, C. J. The Brockway Manufacturing Company, an insolvent corporation, being indebted to its treasurer, Haskell, an insolvent debtor, the latter, by his assignee proved his claim against the corporation, amounting to over fifteen hundred dollars. The assignee of the Brockway Manufacturing Company made objection to this claim, which appears to have existed in the form of an open account for moneys lent the corporation by its treasurer, and showing a balance due Haskell of three hundred and ninety-one dollars and thirty-three cents ; the remainder of the claim consisting of two notes, one of five hundred dollars and another of one thousand dollars, given by the Brockway Manufacturing Company, by said Haskell, its treasurer, to said Haskell, the insolvent debtor. The consideration for said notes as alleged by the deposing creditor, was money paid by said Haskell for the use of said corporation, by reason of said Haskell having paid notes of said company on which he was surety for the benefit of the company, the proceeds of which notes went into the possession of said company.

The assignee of the estate of the Brockway Manufacturing

Company applied under the statute for a re-examination of the claim, and filed his written objections thereto, but they were not verified by oath as required by rule X of the rules of the court of insolvency. The cause proceeded to a hearing in the court of insolvency, no objection being made to the want of such verification. After the cause was heard in the court of insolvency, where that part of the claim existing on open account was allowed and the notes rejected, Haskell's assignee took an appeal from the decree of the Judge of Insolvency to this Court, where the same was duly entered and continued for further hearing.

The appellant filed in this Court below, after several continuances, a motion to dismiss the objections because they were not verified as required by the rule of court. The presiding justice ruled that the objection to the want of such verification by oath had been waived, and that the same was not open to the appellant in this court, he not having raised the question in the court below. The motion having been overruled, the appellant excepted, and this is the first question for our consideration.

We think it must be conceded that the rule invoked is binding, and would be enforced if the person proving his claim chooses to insist upon his rights at the proper time. Had he done so, the assignee might either have amended or filed new objections. But the appellant deliberately chose to go to a hearing on the merits of the case and thereby waived the rule made for his benefit and one whose enforcement he could have demanded, or waived, as he should see fit. *Littlefield* v. *Pinkham*, 72 Maine, 369, 375, and cases; *Otis* v. *Ellis*, 78 Maine 75. For these reasons we think the exception should be overruled.

In the appellate court below, the deposing creditor moved for leave to amend and reform his proof of debt by substituting in the place of the notes an account for the moneys paid by Haskell, the insolvent debtor, for the use of said Brockway Manufacturing Company, to the same amount as the two notes, and for the same sums of money which the deposing creditor claims was the consideration of the notes. The presiding justice

ruled, *pro forma*, that this court had no power on appeal to so reform the proof or allow such amendment, and overruled the appellant's motion, and ordered the decree of the judge of the court of insolvency to be affirmed, and the appeal dismissed. The appellant excepted to this ruling and this is another question for our determination.

It appears from the bill of exceptions to be conceded that the treasurer, Haskell, had no express authority under the by-laws of the company, or under any vote of the directors or stockholders, to give such notes to himself; and it is quite probable that this was the view of the case taken by the court of insolvency and a decision rendered accordingly without passing upon the merits of the question whether or not the treasurer had, in fact, any claim for moneys paid by him to the use of the corporation of which he was the treasurer. The ruling was *pro forma* only, as a matter of law, and obviously intended to reserve the question for determination by the law court.

The appellee does not deny that bankruptcy courts have great latitude in their powers to allow amendments of proofs of debt; but he contends that amendments should be first presented in the court of original jurisdiction; and that wherever amendments have been allowed, the reported cases show that they have been thus made in the lower court. He further contends, relying upon the case of *Jaycox* v. *Green*, 12 Blatch. 209; S. C., 13 N. B. R. 122, that the appellate courts have no power to grant the proposed amendment. That case was decided by the circuit court of the United States for the northern district of New York in 1876, and the opinion incidentally sustains the contention of the appellee. It was a case in which it was held that a savings bank, being prohibited by statute from making loans on personal securities, could not prove any claim whatsoever for the money so loaned to the bankrupt. The notes themselves, of course, given for such loans were held to be void. The court remark that it "has no original jurisdiction to receive and allow debts against the estate of a bankrupt. The claims of creditors must first be presented in the district court; and it is not proper to present one claim in the district court, and,

under cover of an appeal to this court, transform the claim into a new and distinct form of action. In other words, this court ought not, on appeal, to be called upon to decide questions, either of law or fact, that were not raised or involved in the decision of the district court." . . .

The court evidently felt, however, that this was a somewhat restricted view of its powers in the premises, for it adds that it has "no wish to avoid the examination of the whole case, or the expression of opinion thereon, by suggesting embarrassments which counsel or parties may deem technical."

An examination of the authorities, as they appear by decisions in other circuit courts of the United States bearing upon the power of granting amendments in such matters, shows that the practice is not uniform, but that the power of amendment has been exercised in favor of such motions made after an appeal has been entered in those courts from the lower court. A more recent decision than that cited by the appellee is *Warren* v. *Moody*, 9 Fed. Rep. 673, decided in the circuit court, Alabama, December, 1881. In this case the court say : "Numerous cases can be cited where cases have been remanded by the supreme court to allow amendments, none disputing the power or authority of the appellate court to allow the amendment, but alleging the practice against it. (*Kennedy* v. *Georgia State Bank*, 8 How. 610.) So that the power of the appellate court to allow amendments may be taken as established, and it remains to be determined only whether there is any well-settled practice of this court against it, and requiring a remanding of the case to do substantial justice. This court is mainly an appellate court for admiralty and revenue cases, and it is only under the bankrupt law that it has any other appellate jurisdiction of any moment. In the two former classes of appeals the practice is well settled to allow amendments. In the last class there is no practice settled that has been called to my attention. Section 636, R. S., of U. S., would seem to give authority to the circuit court to try every appeal case *de novo*, as it may direct 'such judgment, decree, or order to be rendered, etc., as the justice of the case may require.'"

And in looking back at *Kennedy* v. *Georgia State Bank*, *supra*, we find the Supreme Court of the United States hold : "There is nothing in the nature of an appellate jurisdiction, proceeding according to the common law, which forbids the granting of amendments. And the thirty-second section of the judiciary act of 1789, [R. S., of U. S. § 954,] allowing amendments, is sufficiently comprehensive to embrace causes of appellate as well as original jurisdiction." That court also cites *Anon.* 1 Gall. 22, in which case Mr. Justice Story, in a forcible argument, holds that amendments may be allowed in appellate courts.

In England the Court of Appeal acts not as a Court of Cassation merely, but, having obtained jurisdiction in the matter by the presentation of an appeal, it will proceed to make such order as may seem to it right ; in this it follows the practice of the Great Seal formerly, and of the Court of Review and of the practice in chancery. Archbold's Bankruptcy, Griffith and Holmes' ed. 1867.

This being a Court of general jurisdiction and not restricted by any statute, we think the power resides in it sitting as an appellate court to grant the amendment asked below. R. S., c. 82, § 10. That amendments may be permitted in actions entered on appeal is decided in *Bolster* v. *China*, 67 Maine, 551.

The power thus residing in the court to grant such amendments is, of course, to be exercised with discretion. Cases may arise in which the power should not be used ; but as in the present case, if the notes annexed to the proof of debt were given without authority, they did not extinguish the original cause of action, therefore the amendment asked for did not introduce a new cause of action ; and is only such an amendment as is frequently allowed by this court in actions at common law. *Holmes* v. *Robinson Manufacturing Co.* 60 Maine, 201 ; *Freeman* v. *Fogg*, 82 Maine, 408.

*Exception sustained.*