MILES BIRKETT, JUNIOR, by his next Friend, *vs.* GEORGE CHAT-
TERTON.

No action lies to recover a minor's wages earned in violation of Gen. St. R. I. cap. 155, §§ 21, 22, 24, which prohibit the employment of certain minors in manufacturing establishments.

EXCEPTIONS to the Court of Common Pleas.

This action was *assumpsit* brought in the Justice Court of the city of Providence and carried to the Court of Common Pleas by the plaintiff's appeal. Jury trial was waived, and the following evidence was adduced by the plaintiff :

*Miles Birkett.* "Am plaintiff's father. The plaintiff was employed by the defendant August 31, 1874, under the following contract : He was to work for the defendant for five years, learning the trade of file cutting ; he was to receive $2 per week for the first year, $2.75 per week for the second year, $3.50 per week for the third year, $4.50 per week for the fourth year, and $5.50 per week for the fifth year. Fifty dollars, wages for the first twenty-five weeks of the first year, were to be retained by the defendant till the five years had expired, and the plaintiff was then to receive this sum and another like sum, making one hundred dollars. The plaintiff worked the five years ; he has never received the hundred dollars. This amount is still due to him, and I have no claim upon it."

*Cross-examination.* " Defendant's foreman made the agreement with me. The plaintiff was eleven years old at the time the contract was made, and he went to work. He was to learn to cut files and was to work ten hours per day. He was to be constantly employed for five years. If he left before the five years were up he was not to receive the additional fifty dollars. The plaintiff lived with me, and I boarded and clothed him. I never had one cent of his money except $2. He received his wages and gave them to his mother. I went to see the defendant the Tuesday after my boy had finished his time. Defendant offered me $50 to settle ; this was the $50 for the first twenty-five weeks. I brought suit at first in my own name in the Justice Court for the one hundred dollars and was nonsuited."

*George Chatterton, Jr.* " Am son of the defendant. I would not, comparing my father's shop with some others, call it a manufacturing establishment. Files were made there as in other shops. My father attempted to discharge the plaintiff."

*Miles Birkett, Jun.* " Am the plaintiff. The agreement was made with my father. Went to work for Chatterton, as my father has testified, and remained there five years. The contract was as my father has testified. I was to receive one hundred dollars at the expiration of the five years, provided I stayed the full five years. Have never received any part of this sum. It is still due to me."

The defendant moved for a nonsuit because the evidence showed that, *first*, the plaintiff was not a party to the contract which was made with his father ; and, *second*, the contract was in violation of Gen. Stat. R. I. cap. 155, §§ 21–24. This motion was granted, and the plaintiff excepted.

Gen. Stat. R. I., cap. 155, §§ 21–24, are as follows :

" Sect. 21. No minor under the age of twelve years shall be employed in or about any manufacturing establishment, in any manufacturing process, or in any labor incident to a manufacturing process.

" Sect. 22. No minor under the age of fifteen years shall be employed in any manufacturing establishment in this State, unless such minor shall have attended school for a term of at least three months in the year next preceding the time when such

minor shall be so employed; and no such minor shall be so employed for more than nine months in any one calendar year.

"SECT. 23. No minor who has attained the age of twelve years and is under the age of fifteen years, shall be employed in any manufacturing establishment more than eleven hours in any one day, nor before five o'clock in the morning, nor after half-past seven o'clock in the evening.

"SECT. 24. Every owner, employer, or agent of a manufacturing establishment, who shall knowingly and wilfully employ any minor, and every parent or guardian who shall permit or consent to the employment of his or her minor child or ward, contrary to the provisions of the next three preceding sections of this chapter, shall be liable to a penalty of twenty dollars for each offence, to be recovered by complaint and warrant before the Justice Court, in the town in which such child shall reside, or in which the manufacturing establishment in which such child shall have been employed shall be situated, one half thereof to the use of the complainant, and the other half thereof to the use of the district school of the district in which such manufacturing establishment shall be situated, or, if in the city of Providence, to the use of the public schools of said city."

*May* 7, 1881. DURFEE, C. J. The plaintiff was nonsuited on two grounds, to wit : *First*, because, according to the testimony, he was not a party to the contract put in evidence, and was therefore not entitled to maintain the action ; and, *second*, because the contract was illegal and void under Gen. Stat. R. I. cap. 155, §§ 21, 22, and 24. We are not convinced that the Court erred in nonsuiting the plaintiff on the first ground. The contract, according to the testimony, was not a contract between the plaintiff and the defendant, but a contract between the plaintiff's father and the defendant, the plaintiff having been when it was made a mere child, eleven years old, living with his father, who boarded and clothed him, scarcely a *scintilla* of evidence being adduced to show that he was ever emancipated until after the contract was fully performed. Indeed, the father sued at first in his own name on the contract, and it was only after being nonsuited that he brought the present action in the plaintiff's name as his next friend. But admitting that the first point was erroneously decided, we still

think that on the second ground the nonsuit was rightly granted. The contract was one which could not be executed without violating the statute, and the plaintiff therefore in suing to recover for having executed it was suing to recover for a violation of the statute. The law of course will not stultify itself by maintaining such an action. The law, however, while it will give no remedy on the illegal contract, does not always utterly refuse relief. It is settled that where a party has paid money or delivered personal property on a contract which is illegal because it involves the violation of a statute, he can recover it back in an action commenced while the contract remains simply executory, the recovery being had not under the contract, which is void, but in disaffirmance of it, on a promise implied or right existing independently of it. *Spring Company* v. *Knowlton*, 13 Otto, 49 ; Chitty on Contracts, 11th Amer. ed. 944. The case at bar does not fall under this rule, for in the case at bar the plaintiff has himself executed the contract. There are cases which go further and hold that money so paid or property so delivered can be recovered back, even after the contract has been fully executed, if the plaintiff is an innocent party, or is not *in pari delicto* with the defendant. *Tracy* v. *Talmage*, 14 N. Y. 162. In this case also the recovery is had not under, but independently of the contract, the contract being treated as a nullity. Can the plaintiff recover on the authority of these latter cases, recovering of course on a *quantum meruit* the value of his services ? Can he be regarded as an innocent or comparatively innocent and unoffending party ? We think not. The cases which support the doctrine last stated are cases where the statutory prohibition is directed solely against the defendant. That is not this case. Here the prohibition is directed, not against particular persons, but against a particular thing, namely, the employment of minors in manufacturing establishments. The language of the statute is, " no minor, &c. shall be employed," which means not only that no manufacturer shall employ any minor, but also, what it says, that no minor shall be employed, the employment itself being interdicted. The plaintiff is therefore suing for compensation for having violated the statute, for having done a forbidden thing, which is very different from suing for money or property paid or delivered on a contract, the execution of which

does not involve the plaintiff in the violation of any statute, but only the defendant. *Thomas* v. *City of Richmond,* 12 Wall. 349, 356. It is argued that the prohibition of the statute cannot have been meant to include minors employed, because such minors are not subjected to any punishment, but only their employers, or their parents and guardians consenting to their employment. The argument would be unanswerable if the prohibition were simply implied from the punishment prescribed. The prohibition is express. Probably the reason why minors employed are not subjected to punishment is because ordinarily they have no will nor choice in the matter. Again it may be said that the statute was designed for the benefit of the minor and ought not to be directed against him. The statute was doubtless intended for the good of the minor, but also for the good of the public; and the legislature seems to have thought that the surest way to make it effectual was not only to punish the more responsible offenders, but also to forbid the obnoxious employment, thus making it a *malum prohibitum,* for engaging in which no action will lie in favor of any person. The law will not help a man get paid for doing what the law says shall not be done. 1 Parsons on Contracts, *456–*459 ; Broom's Legal Maxims, *729–*745 ; *Peck* v. *Burr,* 10 N. Y. 294 ; *Levy* v. *Yates,* 8 A. & E. 129 ; *Gallini* v. *Laborie,* 5 Term Rep. 242.

The exceptions are overruled, and the judgment of the court below affirmed with costs.                      *Exceptions overruled.*

*John M. Brennan & Maurice Baumann,* for plaintiff.

*Beach & Allen,* for defendant.