HARRY KREIDLER *v.* BIC PEN CORPORATION ET AL.
(5902)
WALTER BIRDSELL *v.* BIC PEN CORPORATION ET AL.
(5918)

BIELUCH, STOUGHTON and FOTI, Js.

Argued March 17—decision released September 27, 1988

*Richard T. Stabnick,* with whom, on the brief, was *Anne M. Kelley,* for the appellants (defendants).

*L. Morris Glucksman,* with whom was *Mark R. Feller,* for the appellees (plaintiffs).

BIELUCH, J. These consolidated appeals, which involve identical issues, were taken to this court by the named defendant, the plaintiffs' employer, and by its workers' compensation insurer, from the combined decision of the compensation review division reversing the workers' compensation commissioner's dismissal of the plaintiffs' claims for wage benefits. The defendants claim that the review division erred in its finding and award determining that payment to the plaintiffs of "full wages for the *entire day* of the [compensable] injury" (emphasis added) under General Statutes § 31-295 (b)[1] "included remuneration for eight hours at regular pay and four hours at time and a half," in light of the collective bargaining agreement which addressed the issue and which was not superseded by the provisions of General Statutes § 31-313.[2] We find error in part.

---

[1] General Statutes § 31-295 (b) of the Workers' Compensation Act provides: "The injured employee shall be entitled to full wages for the entire day of the injury and said day shall not be counted as a day of incapacity."

[2] General Statutes (Rev. to 1981) § 31-313 (b) provides: "The commissioner shall, after making due inquiry, upon the request of an employee claiming to be unable to perform his customary or most recent work because of physical incapacity resulting from an injury or disease, require that the injured worker be removed from work detrimental to his health or which cannot be performed by a person so disabled and be assigned to other suitable full-time work in the employer's establishment, if available; *provided the exercise of this authority shall not conflict with any provision of a collective bargaining agreement between such employer and a labor organization which is the collective bargaining representative of the unit of which the injured worker is a part.*" (Emphasis added.)

The facts are undisputed. On June 15, 1981, the plaintiff Harry Kreidler was employed by the defendant Bic Pen Corporation and sustained an injury arising out of and in the course of his employment. The plaintiff Walter Birdsell, a fellow employee, suffered a compensable injury on April 23, 1981. The defendant Aetna Life and Casualty Company was the employer's workers' compensation insurer at the time of those injuries. Each plaintiff was scheduled to work four overtime hours on the day of his injury, and each was injured during the normal shift hours. As scheduled by the defendant employer, Kreidler had worked four hours of overtime before starting his normal shift. Birdsell had worked two hours of overtime before his normal shift, but was expected to put in two additional hours after the completion of his normal shift.

Claiming that they were "entitled to full wages for the entire day of the injury" under § 31-295 (b), each plaintiff claimed payment at time and one-half for the "overtime hours" worked before his occupational injury, pursuant to the terms of the collective bargaining agreement then in effect, in addition to full wages for his normal shift of eight hours at regular pay. Specifically, Kreidler sought four hours at the overtime rate and Birdsell sought two hours at this rate.[3] The defendants refused to pay the plaintiffs for the claimed overtime hours in excess of wages for the normal workday of eight hours.

---

[3] At the commencement of the compensation hearing held on September 28, 1982, before the commissioner, the plaintiffs' counsel defined their respective claims:

"In the case of Birdsell, he worked two hours before his regular shift began.

"In the case of Mr. Kreidler, he worked four hours before his shift began. Therefore, we are contending that Mr. Birdsell is entitled to ten hours under the statutes for the entire day's pay; and Mr. Kreidler be paid for twelve hours his entire day of pay. Now, both which will require the employer to pay some over-time.

"In Mr. Kreidler's case four hours of over-time; and Mr. Birdsell's case two hours of over-time."

The plaintiffs subsequently pursued their demands under the workers' compensation law. The two claims were heard together before the workers' compensation commissioner on September 28, 1982. Finding that the claimants and the respondents had relied on different parts of the collective bargaining agreement to sustain their respective positions, the commissioner dismissed the claims, holding that "workers' compensation commissioners are not empowered to construe union-management contracts."

The plaintiffs thereafter appealed from the dismissal of their claims to the compensation review division, claiming that "[t]he commissioner erred in failing to review the union management contract and not finding the law to supersede any contract between the parties." The review division reversed the decision of the commissioner, concluding that, pursuant to § 31-295 (b), full wages for the day of injury in each case "included remuneration for eight hours at regular pay and four hours at time and a half."[4] The review division awarded Birdsell two hours of overtime pay for the time that he did not work, which he did not include in his initial compensation claim before the commissioner for payment of "full wages for the entire day of the injury."

[4] The compensation review division reached its conclusion for these reasons: (1) "The 'full wages' provision of Sec. 31-295 (b) dates back at least sixty years to Sec. 8 of the 1917 statute"; (2) neither the 1938 United States Fair Labor Standards Act nor the state minimum wage law had yet been enacted; (3) "full wages for the entire day of the injury," therefore, did not mean wages for an eight hour day as recited in the collective bargaining agreement; (4) the employees and the employer had agreed, and so scheduled, that the day of injury was to be a twelve hour work day and that the overtime hours were to be paid at time and one-half; (5) that a rate of one and one-half times the regular rate of pay for overtime hours is a matter of now universally recognized federal and state laws outside the labor contract; and consequently, (6) "[t]here was no need for the commissioner to apply the contract. All he had to do was accept the agreement that [the day of injury] was to be a twelve hour day and the wage and hour law which prescribes that overtime hours are to be remunerated at time and one-half."

The sole issue presented by the defendants on appeal is whether the compensation review division had the authority to render a decision in light of the collective bargaining agreement which addressed the issue, and which they claimed was not superseded by the provisions of § 31-313. The issue presented here by both plaintiffs is whether they are to be paid for the "entire day," consisting of the scheduled twelve hours of work on the day of their injuries, including four hours at the overtime rate pursuant to § 31-295 (b). Even though Birdsell initially sought wages for only the two hours of overtime which he had worked, he now seeks payment for the four hours of overtime which the compensation review division awarded him.

The defendants maintain that the plaintiffs' statutory right in issue here is controlled by the collective bargaining agreement entered into between the defendant Bic Pen Corporation and Local No. 134, United Rubber, Cork, Linoleum and Plastic Workers of America, in December, 1978. The relevant terms of this agreement are: "Article IV. Hours of Work (a) Forty hours of work per week will constitute a normal work week. (b) A normal work week will consist of five days from Monday to Friday, inclusive, starting at 7:00 AM—1st Shift; 3:00 PM—2nd Shift; 11:00 PM—3rd Shift. . . . (g) All work *performed* in excess of eight hours in a single day will be paid for at time and one-half. . . . Article V. Wages . . . (b) An employee will be paid average earnings . . . for the *remainder of an eight hour day* when injured and unable to continue working." (Emphasis added.)

The defendants contend that the claims of the plaintiffs are controlled exclusively by the provision in article V (b) of the collective bargaining agreement that "[a]n employee will be paid average earnings . . . for the *remainder of an eight hour day* when injured and unable to continue working." (Emphasis added.) They

argue that "[t]he commissioner and compensation review division are creatures of the legislature cloaked with limited administrative law powers, a part of the executive branch of government. They are not a court and have no article fifth [constitution of Connecticut] powers to decide questions of contract law and interpret union-management agreements." Although mentioned in their statement of issues as supporting their claim on appeal, § 31-313 is not relied upon in the defendants' brief or argument, and properly so. Section 31-313 has no relevance to the issue before us. By its title and terms it is limited to "Transfer to suitable work during period of treatment or rehabilitation or because of physical incapacity." By the provisions of subsection (b) of that statute, the commissioner's authority to make such transfers *"shall not conflict with any provision of a collective bargaining agreement between such employer and a labor organization."* (Emphasis added.) The defendants' reliance on this statute, even though only in their statement of issues, is misplaced.

As contended by the plaintiffs, the language of § 31-295 (b) is controlling. Our statutes cannot be preempted by a collective bargaining agreement or any contract between parties. There is a presumption that parties contract in the light of existing statutes. *State College AAUP* v. *State Board of Labor Relations,* 197 Conn. 91, 98, 495 A.2d 1069 (1985). Statutes existing at the time a contract is made become a part of it and must be read into it just as if an express provision to that effect were inserted therein, except where the contract discloses a contrary intention. Id. Therefore, the terms of statutes must necessarily prevail over inconsistent provisions in collective bargaining agreements. Id., 99.

" 'Wages' means compensation for labor or services rendered by an employee, whether the amount is deter-

mined on a time, task, piece, commission or other basis of calculation." General Statutes § 31-71a (3). "The *'regular rate'* at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, but shall not be deemed to include . . . (E) *extra compensation provided by a premium rate paid for certain hours worked by the employee in any day or workweek because such hours are worked in excess of eight in a day* or in excess of the maximum workweek applicable to such employees under section 31-76c, or *in excess of the employee's normal working hours or regular working hours, as the case may be* . . . (G) *extra compensation provided by a premium rate paid to the employee, in pursuance of an applicable contract or collective-bargaining agreement, for work outside of the hours established in good faith by the contract or agreement as the basic, normal or regular workday,* not exceeding the maximum workweek applicable to such employee under section 31-76c, *where such premium rate is not less than one and one-half times the rate established in good faith by the contract or agreement for like work performed during such workday* or workweek." (Emphasis added.) General Statutes § 31-76b (1). " *'Hours worked'* include all time during which an employee is required by the employer to be on the employer's premises or to be on duty, or to be at the prescribed work place, and *all time during which an employee is employed or permitted to work, whether or not required to do so* . . . ." (Emphasis added.) General Statutes § 31-76b (2) (A).

The plaintiffs were correct in their original compensation claims. Under § 31-295 (b) of the Workers' Compensation Act, Kreidler is "entitled to full wages for the entire day of the injury" consisting of payment for the four hours of overtime he had already worked, as well as for the following eight hours of his regular shift, during which his injury occurred. Pursuant to the pro-

visions of General Statutes § 31-76b (1), the wages for Kreidler's overtime hours already worked are to be paid at a rate of one and one-half times the regular rate. Birdsell's "full wages for the entire day of the injury" consist of payment for the two hours of overtime he had already worked, as well as for the following eight hours of his normal shift, during which his injury occurred. Pursuant to § 31-76b (1), the wages for Birdsell's overtime hours already worked are to be paid at a rate of one and one-half times the regular rate. The compensation review division erred in allowing Birdsell wages for the additional two hours of overtime for which he was scheduled the day of his injury, but did not work. There is no further error in its findings and awards.

In Appeal No. 5902, there is no error. In Appeal No. 5918, there is error in part, the finding and award of the compensation review division is set aside and the case is remanded with direction to adjust Birdsell's award by deducting therefrom two hours of overtime pay in accordance with this opinion.

In this opinion the other judges concurred.